IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maximiliano Sforza,            )<br>                                           )<br>                   Plaintiff,    )<br>                                           )    Civil Action No. 6:24-cv-3862-BHH<br>v.                                       )<br>                                           )                  **ORDER**<br>Bryan Holcombe,                )<br>                                           )<br>                   Defendant. )<br>_____ ) | |

This matter is before the Court upon Plaintiff Maximiliano Sforza's ("Plaintiff") *pro se* complaint filed pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights and seeking injunctive relief against Defendant. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On July 31, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this action. (ECF No. 9.) In the Report, the Magistrate Judge explained that Plaintiff is requesting this Court to interfere with his pending criminal matters in state court, seeking to have his charges dismissed based on alleged due process violations. As the Magistrate Judge explained, however, this Court should abstain from interfering with the pending state court matters because a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances, which are not present here. (*Id.* at 3-4 (citing *Younger v. Harris*, 401 U.S. 37 (1971).) Additionally, the Magistrate Judge found that Plaintiff's complaint is subject to dismissal for failure to state a claim. (*Id.* at 5-8.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. On August 20, 2024, Plaintiff filed objections to the Report, wherein he simply reiterates his claims and again requests a declaration that his constitutional rights were violated.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After review, the Court finds Plaintiff's objections unavailing. First, nowhere in his objections does Plaintiff specifically respond to the Magistrate Judge's findings. In other words, Plaintiff does not point to any legal or factual errors in the Magistrate Judge's analysis. Rather, he simply rehashes his claims and sets forth basic legal principles. Here, whether after a *de novo* review or a clear error review, the Court fully agrees with the Magistrate Judge that Plaintiff's complaint is subject to summary dismissal because this Court should abstain from interfering with Plaintiff's ongoing state criminal proceedings, as

no extraordinary circumstances warrant such interference.  Furthermore, the Court agrees with the Magistrate Judge that Plaintiff's claims are subject to dismissal for the additional reason that his complaint fails to allege plausible claims.  As the Magistrate Judge correctly points out in the Report, the Fifth Amendment does not prohibit an arrest or interrogation without a *Miranda* warning but instead prohibits the information obtained as a result of such an arrest or interrogation from being used in a subsequent criminal trial.  Furthermore, the Court agrees with the Magistrate Judge that Plaintiff has not plausibly alleged that his arrest was without probable cause to support any Fourth Amendment claims.

**After review, therefore, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 9); the Court overrules Plaintiff's objections (ECF No. 11); and the Court dismisses this action without prejudice, without leave to amend, and without issuance and service of process.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 13, 2025
Charleston, South Carolina